JUDGE SWAIN  09 CV 5886

Richard A. Marcus, Esq.
Law Offices of Richard A. Marcus
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Phone:(661) 257-8877
Fax: (661) 775-923
e-mail: help@affordablelaw.com
Bar Code: RM3757

RECEIVED
JUN 26 2009
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

RACHEL HIRSCH and  RICHARD MARCUS on
behalf of themselves and all other shareholders
similarly situated of REYMAR REALTY
CORPORATION,

            Plaintiffs,

    -vs-

REYMAR REALTY CORPORATION, MARK
GORTON, individually, and JODY GORTON,
individually,

            Defendants.

------------------------------------------------------------X

**COMPLAINT**
(Fed. R. Civ. P. 21.3)

## JURISDICTION AND VENUE

1.     Plaintiff, Rachel Hirsch, is a citizen of the State of New Jersey.  Plaintiff,

Richard Marcus, is a citizen of the State of California.  Defendant Reymar Realty

Corporation (hereinafter "Reymar") is a Corporation organized and existing under the

laws of the State of New York, with its principal place of business in the City and State of

New York.  For purposes of this diversity action, Reymar Realty Corporation must be

aligned as a defendant because as set forth below, the corporation on whose behalf this

action is brought is in "antagonistic hands" pursuant to Koster v. Lumberman's Mutual

## AS AND FOR A FIRST CLAIM TO RESCIND THE SALE OF THE PROPERTY

10.    Upon information and belief, at all times relevant hereto, Sharman Marcus and Stephen Marcus constituted the entire Board of Directors and Officers of Reymar. Upon information and belief, in connection with the transactions complained of herein, at all times relevant hereto, Stephen Marcus was acting as Reymar's President and Sharman Marcus was acting as Reymar's Vice President and Secretary.

11.    The principal and only asset of Reymar was the real property located at 108 West 76th Street, New York, New York 10023.

12.    Since 1987, and at all times thereafter, Plaintiffs Richard Marcus and Rachel Hirsch have been the owners of 42% of the shares of stock of Reymar.

13.    At all times relevant hereto, Stephen Marcus has represented to plaintiffs Richard Marcus and Rachel Hirsch that their stock certificates had issued and that they were being held by him.  Upon information and belief, those certificates are a part of the corporate books and records of Reymar presently in the possession of Sharman Marcus.

14.    At all times herein, Stephen Marcus and Sharman Marcus have had complete and exclusive control of the money, property and affairs of Reymar.

15.    On or about June 30, 2005, Reymar sold to the defendants, Mark Gorton and Jody Gorton, Reymar's principal asset, the real property located at 108 W. 76th Street, New York, for the sum of $4.8 Million dollars.  A true copy of said deed is attached hereto Exhibit "A".

16.    The sale of said property constituted a sale of all or substantially all of the assets of Reymar, which was not done in the usual or regular course of the business actually conducted by Reymar.

17.    Upon information and belief, the Gorton defendants were not provided with sufficient documentation demonstrating Board and Shareholder approval of the proposed sale, such as documentation showing Board recommendation of the proposed sale, documentation showing that the Board had directed submission of the proposed sale to a vote of the shareholders, documentation showing that notice had been provided to the shareholders of a meeting within which the shareholders would consider the issue of the proposed sale, and any documentation demonstrating whether the building constituted all or substantially all of Reymar's assets, and documentation demonstrating what Reymar's principal/ordinary course of business actually was.

18.    At no time herein were plaintiffs Richard Marcus and Rachel Hirsch informed as shareholders of any recommendation by the Board of Directors for the sale of the asset.

19.    At no time herein were plaintiffs Richard Marcus and Rachel Hirsch provided with any notice of any shareholder's meeting to consider the sale of the asset to the Gorton defendants.

20.    At no time herein was a meeting of all of the shareholders held to consider the sale of the asset to the Gorton defendants.

21.    At no time herein did Richard Marcus or Rachel Hirsch ever consent to the sale of the asset to the Gorton Defendants.

22.    At no time herein did a majority of the Reymar shareholders consent to the

sale of the asset to the Gorton Defendants.

23.     Stephen Marcus and defendant Sharman Marcus stopped all forms of communication with the individual plaintiffs in or about 2001.  In fact, Sharman Marcus never bothered to notify the plaintiffs of Stephen Marcus's death in November of 2008.

24.     Sharman Marcus and/or Stephen Marcus falsely prepared minutes of a purported special meeting which never took place, alleging that on May 12, 2005, immediately before the signing of the contract of sale, Sharman Marcus and Stephen Marcus held a meeting of all of the shareholders of Reymar, with Stephen Marcus having 52 of the purported 100 shares and Sharman Marcus having 48 of the purported 100 shares.  The minutes also indicated that they reviewed an offer of $4,800,000.00 for the sale of the property, and after much discussion, resolved to accept the offer and sell the property to Mark and Jody Gorton.  A true copy of said minutes of special meeting is attached hereto as Exhibit "B".

25.     Said minutes were false and fraudulent inasmuch as:

A.      No shareholder's meeting was ever held to consider the sale of the property;

B.      Sharman Marcus and Stephen Marcus were not all of the shareholders of Reymar and Reymar had more than 100 shares of stock.

C.      Upon information and belief, Sharman Marcus was not a shareholder of Reymar at the time of the sale;

D.      Richard Marcus and Rachel Hirsch were shareholders of Reymar at the time, each owning 21% of Reymar, and were never notified that Reymar was considering the sale of property to anyone.

E.      The shareholders never voted on whether the property should be sold to the

Gorton defendants.

F.      The shareholders of Reymar never consented to the sale of the property to the Gortons.

G.      No meeting was held on May 12, 2005 as represented in Exhibit "B".

26.      Plaintiffs never approved the sale of Reymar's only asset.

27.      Had plaintiffs known of the proposed sale of Reymar's only asset, they would never have consented to the sale.

28.      Sharman Marcus and Stephen Marcus knew, at the time of the execution of Exhibit "B" that Sharman Marcus and Stephen Marcus were not 100% of the shareholders, and they knew that Rachel Hirsch and Richard Marcus were shareholders of Reymar Corporation, had not consented to the sale of the Corporation's only asset, and were never provided with notice of the purported meeting of shareholders.  The entire sale was being conducted by them with the actual intent to defraud the minority shareholders.

29.      With respect to Exhibit "B", after execution of that document, Sharman Marcus recently submitted a sworn statement under penalty of perjury in probate proceedings stating that:

"I acknowledge that my signature appears over the line which states: vice president/ secretary" but emphatically state that I had no knowledge of the content of what is stated in the special meeting of May 12, 2005 of Reymar Realty Corporation and what was purportedly resolved at that meeting.".

30.      The above mentioned statements and representations were false and fraudulent, and were known to Sharman Marcus and Stephen Marcus to be false and

fraudulent when made by them.

31.    As a result of Sharman Marcus's access to and review of internal corporate

documents, conversations and connections with corporate officers, and directors, as well

as the plaintiffs, and attendance at management and Board meetings, she knew that the

aforementioned representations were false, fraudulent and misleading.

32.    After the improper and unlawful sale of the property, Sharman Marcus and

Stephen Marcus misappropriated all of the proceeds from the sale of the property and

made no distributions to Plaintiff Richard Marcus or Plaintiff Rachel Hirsch in further

fraud upon them in connection with the sale.  By the aforementioned misappropriation of

the proceeds from the sale, plaintiffs have been deprived their share of the profits of the

sale, which substantially transcend the $75,000.00 monetary jurisdictional limitation for

diversity actions.  Upon information and belief, the total amount of each of their share

certificates were worth well over $1,000,000.00.

33.    Sharman Marcus and Stephen Marcus hid, and continued to hide from the

plaintiffs the fact that the asset was sold and its proceeds misappropriated.  Plaintiff

Richard Marcus first learned of his father's death on or about February 15, 2009 by

finding a "condolences" message in a newsletter from the Woodbury Jewish Center (Vol

16, Issue 4) for Sharman Marcus and their son Aaron Marcus  that had been posted on

line. Richard Marcus informed the Plaintiff Rachel Hirsch of Stephen's passing on

February 16, 2009.  Neither Sharman Marcus nor any one else had informed the plaintiffs

of the passing of their father months before.

34.    Plaintiffs first learned that the sale had taken place on or about February 27,

2009 and learned of the existence of the purported special minutes on March 26, 2009.

Plaintiffs had no reason to know or believe that the asset had been sold since they were shareholders and their consent as 42% of the shares of Reymar would be required in order for the sale to take place.

35. Prior to February of 2009, the individual plaintiffs did not have actual knowledge of the wrongful acts and omissions of the defendants as set forth in the complaint or of the existence of the causes of action alleged herein.

36. The aforementioned sale is in violation of the New York Business Corporation Law, as well as the laws of the States where the plaintiffs reside and must be set aside.

## AS AND FOR A SECOND CLAIM TO RESCIND THE SALE OF THE PROPERTY AS A FRAUDULENT CONVEYANCE

37. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered 1-36 with the same force and effect as if the same were more fully set forth at length herein.

38. On or about June 30, 2005, Sharman Marcus and Stephen Marcus through their false and fraudulent statements and conduct, sold Reymar's principal asset in fraud of the plaintiffs Richard Marcus and Rachel Marcus, as well as in fraud of the buyers, as set forth above.

39. The aforementioned conveyance was made with the actual intent by them to hinder, delay, and/or defraud, thus making said transfer void. Further, the sale and misappropriation of the proceeds rendered Reymar insolvent.

40. The Gorton defendants are not good faith purchasers for value under applicable law.

41.     The Gorton defendants did not purchase the property in good faith.  The

Gorton Defendants were not bona fide purchasers for value because the sale did not

comply with §909 of the BCL.

42.     Further, upon information and belief, defendants did not request, nor were

they provided with Reymar's corporate books and records which would have disclosed

the true facts set forth above.

43.     Further, defendants should have sought other documentary evidence which

would have readily demonstrated that Stephen Marcus and Sharman Marcus were not all

of the shareholders of Reymar and that no consent had been provided to all of the

shareholders as required.

44.     Upon information and belief, insufficient documentary evidence regarding

the ownership of Reymar was submitted to the defendants.  For example, upon

information and belief, defendants did not request, nor were they provided with

documentation showing that the Board of Directors of Reymar had recommended a sale

or had provided notice to all of the shareholders of a meeting to consider the sale of the

business as required by BCL §909.

45.     Upon information and belief, defendants did not request, nor were they

provided with documentation demonstrating whether or not the property was the only

asset or constituted substantially all of the assets of Reymar.

46.     Upon information and belief, the circumstances surrounding the sale of the

property were highly unusual and the defendants and/or their attorney(s) or

representatives failed to perform proper due diligence to determine whether the

shareholders had in fact consented to the sale and whether the sale was in the ordinary

-11-

course of Reymar's business.

47.   Upon information and belief, defendants knew or should have known that the special meeting minutes were false and fraudulent because the minutes were dated one day before the contract of sale for the property was executed.

48.   Had defendants performed their proper due diligence, they would have learned that the sale was not in the ordinary course of Reymar's business and not performed with the knowledge and consent of Reymar's shareholders.

49.   Upon information and belief, the defendants failed to determine what Reymar's ordinary course of business was prior to or at the time of closing.

50.   Further, the legal document which provided Stephen Marcus with his ownership of shares of Reymar is the same legal document which provided plaintiffs with their interest.  Had defendants examined this document, they would have learned that plaintiffs owned 42% of the shares of Reymar and that Sharman Marcus was not a shareholder.

51.   The prior shareholders of Reymar were Lester and Bertha Marcus, the grandparents of plaintiffs and parents of Stephen Marcus.

52.   Upon information and belief, the Gorton defendants were never provided with  Reymar's stock certificate book, which would have disclosed that plaintiffs were shareholders and Exhibit "B" was a false and fraudulent document.

53.   Upon information and belief, the Gorton defendants were never provided with documentation demonstrating how Sharman Marcus and Stephen Marcus acquired their interests in Reymar.

54.   Upon information and belief, the only documents received by defendants

relating to shareholder consent of the sale was the fraudulent special minutes attached hereto as Exhibit " B", dated **one day** before the contract of sale, which should have put said defendants on notice that there was no compliance with BCL §909 and therefore the sale was improper.

55.     Without being presented with documentation showing purported proper compliance with BCL §909, and engaging in proper due diligence, the Gorton Defendants could not be good faith purchasers for value.

56.     Upon information and belief, the Gorton defendants possessed facts of such a nature, including the aforementioned facts that would have excited the suspicion of an ordinary prudent person as to whether proper consent to the sale had been obtained.

57.     The sale by Reymar was made with the actual intent to defraud the plaintiffs and buyers.

## REQUEST FOR RELIEF

**WHEREFORE** plaintiffs demands judgment:

1. That the said conveyance by deed made by Reymar to the Gorton Defendants, as aforesaid be set aside and declared null and void.

2.     That the said conveyance contained herein be adjudged and declared fraudulent, void and of no effect.

3.     That the clerk of the County of New York, State of New York be directed to cancel said deed of record.

4.     Because plaintiffs successful prosecution of this action will result in a substantial benefit to the corporation, plaintiffs are entitled to reimbursement from Reymar for their expenses in bringing this action, including reasonable attorney's fees.

-13-

5.      On the final determination of this action, the defendant Reymar be required

to pay to plaintiffs reasonable expenses for the prosecution of this action including

reasonable counsel and expert's fees, costs, and expenses, together with the costs and

disbursements of this action; and

6.      That plaintiffs have such other and further relief as the court deems proper.

JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Dated: June 24, 2009

By:_____

Richard A. Marcus, Esq.
Law Offices of Richard A. Marcus
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Phone:(661) 257-8877
Fax: (661) 775-923
e-mail: help@affordablelaw.com
Bar Code: RM3757
Attorneys for Plaintiffs

New York Mailing Address:

Richard Marcus
21 Windsor Circle
New City, NY 10956

<u>VERIFICATION</u>

State of California            )
                               )SS.
County of Los Angeles          )

     BEFORE ME, the undersigned Notary Public, Richard Marcus personally appeared on June 25, 2009. After being duly sworn by me, he deposed and stated that he is a plaintiff in this action, that he has read this Complaint, that the statements contained therein are true and correct, except for those matters set forth upon information and belief, and as to those matters, he believes them to be true.


Richard A. Marcus

SUBSCRIBED AND SWORN TO BEFORE ME on June 25, 2009 at Castaic, California to certify which, witness my hand and official seal.

CINDY M. LLOYD
Commission # 1703505
Notary Public - California
Los Angeles County
My Comm. Expires Nov 6, 2010


Notary Public in and for the State of California. My commission expires on ____November 6, 2010____.

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2005070800839001001E4858

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 5 |
|---|---|

Document ID: 2005070800839001    Document Date: 06-30-2005    Preparation Date: 07-08-2005
Document Type: DEED
Document Page Count: 3

| PRESENTER: | RETURN TO: |
|---|---|
| PRESTIGE TITLE | MARK BORTEN, ESQ |
| AGENT FOR UNITED GENERAL | SNOW BECKER KRAUSS PC |
| 15 WEST 39TH STREET, 10TH FLOOR | 605 THIRD AVENUE |
| NEW YORK, NY 10018 | NEW YORK, NY 10158-0125 |
| 212-651-1200 | |
| 07009UG-NY | |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1147 | 37 | Entire Lot | 108 WEST 76 STREET |

Property Type: APARTMENT BUILDING

**CROSS REFERENCE DATA**

CRFN_____  or  Document ID_____  or  _____  Year____  Reel ___  Page ____  or  File Number_____

**PARTIES**

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| REYMAR REALTY CORP. | MARK GORTON |
| 59 THE GLADE | 139 WEST 87TH STREET |
| SYOSSET, NY 11791 | NEW YORK, NY 10024 |

x  Additional Parties Listed on Continuation Page

**FEES AND TAXES**

| Mortgage | | | | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | Recording Fee: $ | 52.00 |
| Taxable Mortgage Amount: | $ | 0.00 | Affidavit Fee: $ | 0.00 |
| Exemption: | | | NYC Real Property Transfer Tax Filing Fee: | |
| TAXES: County (Basic): | $ | 0.00 | $ | 165.00 |
| City (Additional): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| Spec (Additional): | $ | 0.00 | $ | 19,200.00 |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |

RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK
Recorded/Filed      07-20-2005 17:24
City Register File No.(CRFN):
2005000406254

*City Register Official Signature*

NYC HPD Preliminary Residential Property Transfer Form

Exhibit A

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER |  |
|---|---|

2005070800839001001C4AD8

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | | PAGE 2 OF 5 |
|---|---|---|
| Document ID: 2005070800839001 | Document Date: 06-30-2005 | Preparation Date: 07-08-2005 |
| Document Type: DEED | | |

**PARTIES**
**GRANTEE/BUYER:**
JODY GORTON
139 WEST 87TH STREET
NEW YORK, NY 10024

0f00ef4GNY

## First American Title Insurance Company of New York

---

**BARGAIN and SALE DEED, with COVENANT**
Against Grantor's Acts – Individual or Corporation

---

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

**THIS INDENTURE,** made the 30ᵗʰ day of June, in the year 2005

**BETWEEN**

Name:  **REYMAR REALTY CORP., A New York Corporation**      Address: with office at: 59 The Glade, Syosset, NY 11791

party of the first part, and

Name: **MARK GORTON**    Address: 139 West 87th Street, New York, NY 10024

Name: **JODY GORTON**    Address: 139 West 87th Street, New York, NY 10024

*as husband & wife*

party of the second part,

---

**WITNESSETH,** that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second party forever,

## SEE SCHEDULE A FOR PROPERTY DESCRIPTION

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

**AND** the party of the first part covenants that the party of the first party has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

**AND** the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

Signature of Stephen Marcus as President of
**REYMAR REALTY CORP., A New York
Corporation**

Prestige Title Agency, Inc.
15 West 36th Street, 10th Fl
New York, NY 10018
212 661-1900 fx 212 661-1901

Bargain and Sale Deed, with Covenant against Grantor's Act-Individual or Corporation (single sheet)

# PRESTIGE TITLE AGENCY, INC.

### SCHEDULE A (Description)

Title Number:   07009-UG-NY

ALL that certain lot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City of New York, bounded and described as follows:

BEGINNING at a point on the Southerly side of Seventy-sixth Street distant one hundred feet Westerly from the corner formed by the intersection of the Southerly side of Seventy-sixth Street with the Westerly side of Columbus Avenue;

RUNNING THENCE Southerly parallel with Columbus Avenue one hundred and two feet and two inches to the centre line of the block;

RUNNING THENCE Westerly and along said centre line of the block twenty-five feet;

RUNNING THENCE Northerly and again parallel with Columbus Avenue, one hundred and two feet and two inches to the Southerly side of Seventy-sixth Street; and

RUNNING THENCE Easterly and along the said Southerly side of Seventy-sixth Street, twenty-five feet to the point or place of BEGINNING.

Being and intended to be the same premises conveyed by deed recorded in Liber 4536 page 265 and corrected by deed recorded in Liber 4561 page 118.
This conveyance is made during the ordinary course of business of the grantor herein!

Typed by: kc

(Schedule A Legal Description Page 2 of 2)

 ### First American Title Insurance Company of New York

---

**BARGAIN and SALE DEED, with COVENANT**
Against Grantor's Acts – Individual or Corporation

---

* **STATE OF NEW YORK** } ss.:

**COUNTY OF** New York

On the 30ᵗʰ day of June in the year 2005 before me, the undersigned, personally appeared Stephen Marcus as President of REYMAR REALTY CORP., A New York Corporation, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_Maria Russo_
_____
Signature and Office of
Individual taking acknowledgment

Maria Russo
Notary Public, State of New York
#43-5004257
Qualified in Richmond County
Term Expires 11/14/20 26

* For acknowledgments taken in New York State.

---

### Bargain and Sale Deed
WITH COVENANT AGAINST GRANTOR'S ACTS
**TITLE NO. 67009-UG-NY**

---

**REYMAR REALTY CORP., A New York Corporation with office at:**

**TO**

**MARK GORTON & JODY GORTON**

*First American Title Insurance Company of New York*
*Hudson Valley Region*
*188 East Post Road*
*White Plains, New York, 10601*
*Phone (914) 428-3433*
*Fax (914) 428-0159*

**PREMISES**

| | |
|---|---|
| Sheet | |
| Section | |
| Block | 1147 |
| Lot | 37 |
| Plate | |
| Volume | |
| Page | |
| District | |
| Tax Map Des. | |
| County or Town | |
| Street Number | 108 West 76th Street, New York, NY |

Recorded At Request of
First American Title Insurance Company of New York
RETURN BY MAIL TO:

MARK BORTEN, ESQ.
SNOW BECKER KRAUSS PC
605 Third Avenue
New York, NY 10158-0125

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2005070800839001001S86D9

| SUPPORTING DOCUMENT COVER PAGE | | PAGE 1 OF 1 |
|---|---|---|
| Document ID: 2005070800839001 | Document Date: 06-30-2005 | Preparation Date: 07-08-2005 |
| Document Type: DEED | | |

**ASSOCIATED TAX FORM ID: 2005063000071**

**SUPPORTING DOCUMENTS SUBMITTED:**

Page Count

RP - 5217 REAL PROPERTY TRANSFER REPORT                                   2

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

**RP - 5217NYC**
(Rev 1/2002)

| FOR CITY USE ONLY | | | | |
|---|---|---|---|---|
| C1. County Code | | | | |
| C2. Date Deed Recorded | Month | Day | Year | |
| C3. Book | | | | |
| OR | | | | |
| C4. Page | | | | |
| C5. CRFN | | | | |

**PROPERTY INFORMATION**

| 1. Property Location | 108 | WEST 76 STREET | MANHATTAN | 10023 |
|---|---|---|---|---|
| | STREET NUMBER | STREET NAME | BOROUGH | ZIP CODE |

| 2. Buyer Name | GORTON | MARK |
|---|---|---|
| | LAST NAME / COMPANY | FIRST NAME |
| | GORTON | JODY |
| | LAST NAME / COMPANY | FIRST NAME |

| 3. Tax Billing Address | Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form) | | |
|---|---|---|---|
| | LAST NAME / COMPANY | FIRST NAME | |
| | STREET NUMBER AND STREET NAME | CITY OR TOWN | STATE | ZIP CODE |

4. Indicate the number of Assessment Roll parcels transferred on the deed [ 1 ] # of Parcels OR [ ] Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

**Check the boxes below as they apply:**
6. Ownership Type is Condominium [ ]
7. New Construction on Vacant Land [ ]

| 5. Deed Property Size | FRONT FEET | X | DEPTH | OR | ACRES |
|---|---|---|---|---|---|

| 6. Seller Name | REYMAR REALTY CORP. | |
|---|---|---|
| | LAST NAME / COMPANY | FIRST NAME |
| | LAST NAME / COMPANY | FIRST NAME |

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

| A [ ] One Family Residential | C [ ] Residential Vacant Land | E [ ] Commercial | G [ ] Entertainment / Amusement | I [ ] Industrial |
|---|---|---|---|---|
| B [ ] 2 or 3 Family Residential | D [ ] Non-Residential Vacant Land | F [✓] Apartment | H [ ] Community Service | J [ ] Public Service |

**SALE INFORMATION**

| 10. Sale Contract Date | Month 5 | Day 13 | Year 2005 |
|---|---|---|---|
| 11. Date of Sale / Transfer | Month 9 | Day 30 | Year 2005 |
| 12. Full Sale Price $ | 0 0 0 0 0 8 4 | | |

(Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) *Please round to the nearest whole dollar amount.*

13. Indicate the value of personal property included in the sale $

**14. Check one or more of these conditions as applicable to transfer:**

A [ ] Sale Between Relatives or Former Relatives
B [ ] Sale Between Related Companies or Partners in Business
C [ ] One of the Buyers is also a Seller
D [ ] Buyer or Seller is Government Agency or Lending Institution
E [ ] Deed Type not Warranty or Bargain and Sale (Specify Below)
F [ ] Sale of Fractional or Less than Fee Interest (Specify Below)
G [ ] Significant Change in Property Between Taxable Status and Sale Dates
H [ ] Sale of Business is Included in Sale Price
I [ ] Other Unusual Factors Affecting Sale Price (Specify Below)
J [✓] None

**ASSESSMENT INFORMATION – Data should reflect the latest Final Assessment Roll and Tax Bill**

| 15. Building Class | C 5 | 16. Total Assessed Value (of all parcels in transfer) | 9 2 8 2 2 0 6 |
|---|---|---|---|

17. Borough, Block and Lot / Roll Identifier(s)  ( If more than three, attach sheet with additional Identifier(s) )

MANHATTAN  1147  37

**CERTIFICATION**

I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

**BUYER**
Signature [signature]   DATE 6/30/05
BUYER

**BUYER'S ATTORNEY**
Bates   Mark
LAST NAME   FIRST NAME
AREA CODE 212   TELEPHONE NUMBER 687-3860

**SELLER**
Signature By Stephen M.V. Nazca   DATE 6/30/05
AREA CODE   TELEPHONE NUMBER

| STREET NUMBER 194 | STREET NAME (AFTER SALE) West 87th Street |
|---|---|
| CITY OR TOWN N.Y. | STATE N.Y. | ZIP CODE 10024 |

2005063000071201

| CERTIFICATION | I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments. |

BUYER

BUYER'S ATTORNEY

_6/30/05_
DATE

LAST NAME _BORTEN_        FIRST NAME _MARK_

BUYER SIGNATURE

STREET NUMBER _139_   STREET NAME (AFTER SALE) _West 87th Street_

AREA CODE _212_   TELEPHONE NUMBER _687-3860_

SELLER

CITY OR TOWN _New York_   STATE _N.Y._   ZIP CODE _10024_

SELLER SIGNATURE        DATE _6/30/05_

2005063000071201

## REYMAR REALTY CORP.

### SPECIAL MEETING
May 12, 2005

Meeting was called to order.

Present were all of the shareholders, Stephen Marcus with 52 of the 100 shares and Sharman Marcus with 48 of the 100 shares. They reviewed an offer of four million, eight hundred thousand ($4,800,000.00) dollars for the property located at 108 West 76th Street, New York. After much discussion it was:

RESOLVED that the offer be accepted to sell the property located at 108 West 76th Street to Mark and Jody Gorton.

No other business being presented, the meeting was adjourned.

Secretary

Vice-president / Secretary

Exhibit B