Arthur G. Jakoby, Esq.
Avery S. Mehlman, Esq.
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, New York 10016
Phone: (212) 592-1400
Email: ajakoby@herrick.com
       amehlman@herrick.com
*Attorneys for Defendants Mark Gorton and Jody Gorton*

**Electronically Filed**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

RACHEL HIRSCH and RICHARD MARCUS on behalf of themselves and all other shareholders similarly situated of REYMAR REALTY CORPORATION,

                      Plaintiffs,

vs.

REYMAR REALTY CORPORATION, MARK GORTON, individually, and JODY GORTON, individually,

                      Defendants.

------------------------------------------x

Case No. 09-CV-5886 (LTS) (THK)

**VERIFIED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS MARK AND JODY GORTON**

Mark and Jody Gorton (the "Answering Defendants"), by their attorneys, HERRICK, FEINSTEIN LLP, as and for their Answer to Plaintiffs' Complaint alleges, upon information and belief, as follows:

### BACKGROUND

1.    The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 1 of the Complaint and leave Plaintiffs to their proofs. Additionally, the allegations contained in Paragraph 1 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, the Answering Defendants deny the allegations.

HF 5335965v.1 #01117/0118

2. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 2 of the Complaint and leave Plaintiffs to their proofs. Additionally, the allegations contained in Paragraph 2 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, the Answering Defendants deny the allegations.

3. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 3 of the Complaint and leave Plaintiffs to their proofs. Additionally, the allegations contained in Paragraph 3 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, the Answering Defendants deny the allegations.

4. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 4 of the Complaint and leave Plaintiffs to their proofs.

5. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 5 of the Complaint and leave Plaintiffs to their proofs.

6. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 6 of the Complaint and leave Plaintiffs to their proofs.

7. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 7 of the Complaint and leave Plaintiffs to their proofs. Additionally, the allegations contained in Paragraph 7 of the Complaint contain

legal conclusions to which no answer is required. To the extent an answer is required, the Answering Defendants deny the allegations.

       8.     The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 8 of the Complaint and leave Plaintiffs to their proofs. Additionally, the allegations contained in Paragraph 8 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, the Answering Defendants deny the allegations.

       9.     The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 9 of the Complaint and leave Plaintiffs to their proofs. Additionally, the allegations contained in Paragraph 9 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, the Answering Defendants deny the allegations.

**AS AND FOR A FIRST CLAIM TO RESCIND THE SALE OF THE PROPERTY**

       10.     The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 10 of the Complaint and leave Plaintiffs to their proofs.

       11.     The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 11 of the Complaint and leave Plaintiffs to their proofs.

       12.     The Answering Defendants lack sufficient knowledge and information to either admit or deny the allegations referred to in paragraph 12 of the Complaint and leave Plaintiffs to their proofs.

13. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 13 of the Complaint and leave Plaintiffs to their proofs.

14. The Answering Defendants lack sufficient knowledge and information to either admit or deny the allegations referred to in paragraph 14 of the Complaint and leave Plaintiffs to their proofs.

15. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 15 of the Complaint, except admit that the Answering Defendants purchased 108 West 76th Street, New York, New York from Reymar Realty Corporation for $4.8 million.

16. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 16 of the Complaint and leave Plaintiffs to their proofs.

17. The Answering Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 18 of the Complaint and leave Plaintiffs to their proofs.

19. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 19 of the Complaint and leave Plaintiffs to their proofs

20. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 20 of the Complaint and leave Plaintiffs to their proofs.

21. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 21 of the Complaint and leave Plaintiffs to their proofs.

22. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 22 of the Complaint and leave Plaintiffs to their proofs.

23. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 23 of the Complaint and leave Plaintiffs to their proofs.

24. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 24 of the Complaint and leave Plaintiffs to their proofs.

25. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 25 of the Complaint and leave Plaintiffs to their proofs.

26. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 26 of the Complaint and leave Plaintiffs to their proofs.

27.     The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 27 of the Complaint and leave Plaintiffs to their proofs.

28.     The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 28 of the Complaint and leave Plaintiffs to their proofs

29.     The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 29 of the Complaint and leave Plaintiffs to their proofs

30.     The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 30 of the Complaint and leave Plaintiffs to their proofs.

31.     The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 31 of the Complaint and leave Plaintiffs to their proofs.

32.     The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 32 of the Complaint and leave Plaintiffs to their proofs.  Additionally, the allegations contained in Paragraph 32 of the Complaint contain legal conclusions to which no answer is required.  To the extent an answer is required, the Answering Defendants deny the allegations.

33.     The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 33 of the Complaint and leave Plaintiffs to their proofs.

34.     The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 34 of the Complaint and leave Plaintiffs to their proofs.

35.     The Answering Defendants deny the allegations contained in paragraph 35 of the Complaint, except admit that, prior to February 2009, they did not have knowledge of any of the allegations contained in the Complaint.

36.     The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 36 of the Complaint and leave Plaintiffs to their proofs.  Additionally, the allegations contained in Paragraph 36 of the Complaint contain legal conclusions to which no answer is required.  To the extent an answer is required, the Answering Defendants deny the allegations.

**AS AND FOR A SECOND CLAIM TO RESCIND THE SALE OF THE PROPERTY AS A FRAUDULENT CONVEYANCE**

37.     The Answering Defendants repeat and reallege each and every allegation contained in paragraphs 1 through 36 as if the same were more fully set forth at length herein.

38.     The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 38 of the Complaint and leave Plaintiffs to their proofs.

39.     The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 39 of the Complaint and leave Plaintiffs to their proofs.

40.     The Answering Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. The Answering Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. The Answering Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. The Answering Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. The Answering Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. The Answering Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. The Answering Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. The Answering Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. The Answering Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. The Answering Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. The Answering Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 51 of the Complaint and leave Plaintiffs to their proofs.

52. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 52 of the Complaint and leave Plaintiffs to their proofs.

53. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 53 of the Complaint and leave Plaintiffs to their proofs.

54. The Answering Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. The Answering Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. The Answering Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. The Answering Defendants lack sufficient knowledge and information to admit or deny the allegations contained in paragraph 57 of the Complaint and leave Plaintiffs to their proofs.

58. The Answering Defendants deny each and every allegation contained in Plaintiffs' "WHEREFORE" clause and deny that Plaintiffs are entitled to any of the relief sought.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by their failure to mitigate damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and requested relief are barred by the terms of the relevant contracts and agreements.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, was caused by their conduct, omissions, and/or failure to perform pursuant to the terms of the applicable contracts or agreements.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of equitable estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims must be dismissed because they suffered no damages and/or compensable injury.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

All actions by Defendants were taken for legitimate business reasons.

## TENTH AFFIRMATIVE DEFENSE

That the causes of action set forth in the Complaint were not commenced within the time of the applicable Statute of Limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

The Answering Defendants reserve the right to assert additional defenses and/or supplement, alter, amend and change its Answer upon revelation of more definite facts from the various parties to this suit and completion of further discovery and investigation.

WHEREFORE, Answering Defendants demand judgment dismissing the Complaint against them; awarding Defendants all costs incurred in this action, including but not limited to their attorneys' fees and disbursements; and awarding Defendants such other relief as the Court deems proper.

Dated: New York, New York
      October 14, 2009

                        **HERRICK, FEINSTEIN LLP**

                        By: /s/ Avery S. Mehlman
                             Arthur G. Jakoby
                             Avery S. Mehlman
                        *Attorneys for Defendants Mark and Jody Gorton*
                        2 Park Avenue
                        New York, NY  10016
                        Phone: (212) 592-1400
                        Email: ajakoby@herrick.com
                                amehlman@herrick.com

# VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

MARK GORTON, being duly sworn, deposes and says:

I am a ~~third-party plaintiff~~ Defendant in this action.

I have read the annexed answer and the contents thereof are true to my own knowledge, except as to those matters alleged upon information and belief, and as to those matters I believe them to be true.

_____
Mark Gorton

Affirmed to before me this
14th day of October, 2009

_____
Notary Public

GARRETT S. HO
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HO6153977
Qualified in New York County
My Commission Expires October 23, 2010

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

JODY GORTON, being duly sworn, deposes and says:

I am a ~~third-party plaintiff~~ Defendant in this action.

I have read the annexed answer and the contents thereof are true to my own knowledge, except as to those matters alleged upon information and belief, and as to those matters I believe them to be true.

_____
Jody Gorton

Affirmed to before me this
13 day of October, 2009

_____
Notary Public

DONNA HUTCHINSON
Notary Public, State of New York
No. 01HU6078681
Qualified in Kings County
Commission Expires Dec. 19, 2010

**CERTIFICATE OF SERVICE**

        I hereby certify that on October 15, 2009, I electronically filed the foregoing with the Clerk of Court by using the Case Management/Electronic Case Filing ("CM/ECF") system, which will send a Notice of Electronic Filing to the following participants:

Richard A. Marcus, Esq.
Law Offices of Richard A. Marcus
28494 Westinghouse Place, Suite 204
Valencia, CA  91355
Phone: (661) 257-8877
help@affordablelaw.com
*Attorneys for Plaintiffs*


James Badie, Esq.
Law Offices of James Badie
521 Fifth Avenue, Suite 3300
New York, NY  10175-3399
Phone: (212) 244-5632
badielaw@att.net
*Attorney for Defendant Reymar Realty Corporation*


                                                                       _____
                                                                       Avery S. Mehlman