Arthur G. Jakoby, Esq.
Avery S. Mehlman, Esq.
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, New York 10016
Phone: (212) 592-1400
Email: ajakoby@herrick.com
       amehlman@herrick.com
*Attorneys for Third-Party Defendants Mark Gorton and Jody Gorton*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x
RACHEL HIRSCH and RICHARD MARCUS on  : Case No. 09-CV-5886 (LTS) (THK)
behalf of themselves and all other shareholders :
similarly situated of REYMAR REALTY :
CORPORATION, :

    Plaintiffs, :

  vs. :

REYMAR REALTY CORPORATION, MARK :
GORTON, individually, and JODY GORTON, : **VERIFIED THIRD PARTY**
individually, : **COMPLAINT**

    Defendants. :
---------------------------------------- :
MARK GORTON and JODY GORTON, :

    Third-Party Plaintiffs, : Index No.

  vs. :

SHARMAN MARCUS, and SHARMAN :
MARCUS as Executor of the Estate of Stephen :
Marcus, :

    Third-Party Defendants. :
---------------------------------------------x

    Defendants/Third-Party Plaintiffs Mark Gorton and Jody Gorton (the "Gortons"), by their attorneys, as and for their third-party complaint (the "Third-Party Complaint") against

Sharman Marcus, individually and Sharman Marcus as Executor of the Estate of Stephen Marcus, hereby allege upon knowledge as to their own actions, and otherwise upon information and belief, as follows:

## NATURE OF THE ACTION

1. This third-party action arises out of a multi-million-dollar transaction in which Reymar Realty Corporation ("Reymar"), transferred ownership to real property located at 108 West 76th Street, New York, New York 10023 (the "Property"), to the Gortons.

2. Prior to the transfer of the Property, which took place on June 30, 2005, Sharman Marcus expressly represented that she was the holder of 48% of the shares of Reymar, and Stephen Marcus expressly represented that he was the holder of 52% of the shares of Reymar, and both Sharman Marcus and Stephen Marcus represented that they jointly had the authority to convey the Property to the Gortons for $4,800,000.00.

3. It was based on these representations, by Sharman Marcus and Stephen Marcus, that the Gortons agreed and did purchase the Property from Reymar for $4,800,000.00.

4. Plaintiffs Rachel Hirsch and Richard Marcus ("Plaintiffs") have alleged, in the Complaint, that Sharman Marcus was never a shareholder of Reymar, and that Stephen Marcus knew that Sharman Marcus was not a shareholder. As such Sharman Marcus and Stephen Marcus did not posses the requisite authority to authorize the sale of the Property by Reymar to the Gortons for $4,800,000.00.

5. Accordingly, Plaintiffs are seeking to rescind the sale of the Property, for which the Gortons paid Reymar $4,800,000.00.

6. As such, Sharman Marcus and Stephen Marcus are wholly responsible and liable for any and all damages that the Gortons may suffer as the result of the allegations contained in the Complaint, including court costs and attorneys' fees.

## PARTIES

7. Defendants and Third-Party Plaintiffs reside in New York City, New York.

8. Third-Party Defendant Sharman Marcus resides in the State of New York.

9. Sharman Marcus has been appointed the Executor of the Estate of Stephen Marcus, pursuant to an order issued by a New York State Surrogate Court.

## THE FACTS

10. Upon information and belief, Stephen R. Marcus and his wife, Sharman Marcus, on behalf of Reymar, entered into negotiations to sell the Property to the Gortons.

11. On or about May 13, 2005, the Gortons entered into a contract to purchase the Property from Reymar for $4,800,000.00 (the "Contract").

12. The Contract was signed by Stephen Marcus, as President of Reymar.

13. The Contract expressly provides that

> Seller has the full power and authority to execute and deliver this Agreement [the Contract] and all documents now or hereafter to be executed and delivered by it pursuant to this Agreement and to perform all obligations arising under this Agreement and under Seller's Documents. This Agreement constitutes, and the Seller's Documents will each constitute, the legal, valid binding obligation of Seller, enforceable in accordance with their respective terms, covenants, and conditions. (24.7)

14. Under New York's Business Corporation Law, in order for Reymar, a corporation, to sell the Property to the Gortons, it requires that two-thirds of its shareholders agree and consent to the conveyance.

15. Upon information and belief, on or about May 12, 2005, Sharman Marcus and Stephen Marcus conducted a meeting of the shareholders of Reymar, at which only Sharman Marcus and Stephen Marcus attended.

16. Upon information and belief, Stephen Marcus and Sharman Marcus represented to the Gortons that all the shareholders of Reymar were present at the May 12, 2005 meeting.

17. Upon information and belief, at the meeting, Sharman Marcus represented that she was the holder of 48% of the shares of Reymar.

18. Upon information and belief, at the meeting, Stephen Marcus represented that he was the holder of 52% of the shares of Reymar.

19. Upon information and belief, at the meeting, both Stephen Marcus and Sharman Marcus represented that the

> offer be accepted to sell the property located at 108 West 76th Street to Mark and Jody Gorton

(A copy of the above resolution signed by both Stephen Marcus and Sharman Marcus, as shareholders is annexed hereto as Exhibit A.)

20. The Gortons relied upon the above resolution and representations by both Stephen Marcus and Sharman Marcus, as proof that Reymar was authorized by its shareholders to convey the Property to the Gortons.

21. On or about June 30, 2005, the Gortons gave Reymar $4.8 million in exchange for title to the Property.

22. Upon information and belief, these monies were then transferred from Reymar to Stephen Marcus and Sharman Marcus.

23. On or about November 26, 2008, Stephen Marcus died.

24. Upon information and belief, Stephen Marcus left no assets or funds in his estate.

25. Upon information and belief, prior to his death, Stephen Marcus transferred all of his assets, including the proceeds from the sale of the Property, to Sharman Marcus.

26. Upon information and belief, Sharman Marcus was appointed the Executor of the Estate of Stephen Marcus.

27. The Gortons were first made aware of the allegation, that Sharman Marcus was never a shareholder of Reymar and thus could not authorize the sale of the Property on behalf of Reymar, when the Gortons were served with the Complaint, on or about September 2009.

28. Upon information and belief, Sharman Marcus fraudulently and falsely stated that she was a 48% shareholder of Reymar, and fraudulently and falsely affixed her name to Exhibit A, authorizing Reymar to sell the Property to the Gortons.

29. Upon information and belief, Stephen Marcus fraudulently and falsely stated that he was a 52% shareholder of Reymar, and fraudulently and falsely affixed his name to Exhibit A, authorizing Reymar to sell the Property to the Gortons, with full knowledge that Sharman Marcus was not a shareholder in Reymar and that he was only a 52% sharholder.

30. Upon information and belief, Sharman Marcus and Stephen Marcus fraudulently obtained $4.8 million from the Gortons as a result of the above actions.

## AS AND FOR A FIRST CAUSE OF ACTION
(Indemnification - Against Sharman Marcus and Sharman Marcus as Executor of the Estate of Stephen Marcus)

31. Third-Party Plaintiffs, the Gortons, repeat and reallege each of the allegations contained in paragraphs 1 through 30 above as if set forth in full herein.

32. The Complaint filed by Richard Marcus and Rachel Hirsch, the Plaintiffs in the initial action, alleges that Sharman Marcus was never a shareholder and that Stephen Marcus knew that Sharman Marcus was not a shareholder in Reymar and thus had no authority to authorize the transfer of the Property to the Gortons.

33. The Complaint further alleges that Richard Marcus and Rachel Hirsch are, together, 42% shareholders of Reymar, and for any transfer of the Property to be valid, it would require both Richard Marcus' and Rachel Hirsch's authorization.

34. As such, the Complaint alleges that the transfer of the Property from Reymar to the Gortons must be rescinded as it is invalid, since it was based upon the fraudulent and false misrepresentations of Sharman Marcus and Stephen Marcus.

35. By reason of the foregoing, any damages allegedly sustained by Plaintiffs Richard Marcus and Rachel Hirsch, as detailed in the Complaint, were proximately caused by the conduct of Sharman Marcus and Stephen Marcus, and if Defendants/Third-Party Plaintiffs, the Gortons are: (i) found liable in any degree to Plaintiffs; (ii) suffer any losses, including but not limited to the loss of the Property; and (iii) suffer any losses as a result of the ongoing litigation, including but not limited to the inability to transfer the Property, then Defendants/Third-Party Plaintiffs, the Gortons, will be entitled to full contribution and/or indemnification in whole from Third-Party Defendant Sharman Marcus, individually and as Executor of the Estate of Stephen Marcus, together with attorneys' fees, costs and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION
(Fraud - Against Sharman Marcus and Sharman Marcus as Executor of the Estate of Stephen Marcus)

36. Third-Party Plaintiffs, the Gortons, repeat and reallege each of the allegations contained in paragraphs 1 through 35 above as if set forth in full herein.

37. Upon information and belief, Sharman Marcus and Stephen Marcus knowingly and intentionally provided false and misleading representations in connection with the sale of the Property from Reymar to the Gortons, including, without limitation, a resolution signed by Sharman Marcus that Sharman Marcus is a 48% shareholder of Reymar, and authorized the transfer of the Property by Reymar to the Gortons.

38. Upon information and belief, both Sharman Marcus and Stephen Marcus knew that Sharman Marcus was not a shareholder in Reymar and thus had not authority to authorize the transfer of the Property to the Gortons.

39. Upon information and belief, Sharman Marcus and Stephen Marcus knowingly and intentionally deceived the Gortons into conveying $4.8 million to Reymar in exchange for what the Gortons thought was a valid conveyance of the Property.

40. Upon information and belief, the Gortons were damaged by the actions of Sharman Marcus and Stephen Marcus and are entitled to recover the losses they have and will continue to suffer as a result of these actions, from Sharman Marcus and the Estate of Stephen Marcus, in an amount to be determined at trial, but in no event less than $4.8 million.

## AS AND FOR A THIRD CAUSE OF ACTION
(Conversion - Against Sharman Marcus and Sharman Marcus as Executor of the Estate of Stephen Marcus)

41. Third-Party Plaintiffs, the Gortons, repeat and reallege each of the allegations contained in paragraphs 1 through 40 above as if set forth in full herein.

42. Upon information and belief, Sharman Marcus and Stephen Marcus intentionally deceived the Gortons into thinking that Sharman Marcus and Stephen Marcus had the authority to authorize Reymar to sell the Property to the Gortons.

43. As part of this fraud and deception, Sharman Marcus and Stephen Marcus converted, from Reymar, the $4.8 million purchase price Reymar received from the Gortons.

44. Upon information and belief, Sharman Marcus and Stephen Marcus converted the $4.8 million for their own use, and exercised unauthorized dominion and control over the Gortons' funds to the exclusion of Reymar and Plaintiffs.

45. Upon information and belief, the Gortons have been damaged by Sharman Marcus' and Stephen Marcus' conversion of funds and are entitled to recover the losses the Gortons have suffered and will continue to suffer, from Sharman Marcus and the Estate of Stephen Marcus, in an amount to be determined at trial, but in no event less than $4.8 million.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Negligent Misrepresentation - Against Sharman Marcus and Sharman Marcus as Executor of the Estate of Stephen Marcus)**

46. Third-Party Plaintiffs, the Gortons, repeat and reallege each of the allegations contained in paragraphs 1 through 45 above as if set forth in full herein.

47. Sharman Marcus and Stephen Marcus both knew or should have known that they were not the exclusive shareholders of Reymar.

48. Sharman Marcus and Stephen Marcus both knew or should have known that they could not authorize the sale of the Property to the Gortons.

49. Sharman Marcus and Stephen Marcus both knew or should have known that the Gortons would rely on that misrepresentation and omission.

50. A reasonable person would have considered the misrepresentations made by Sharman Marcus and Stephen Marcus to be material to whether the Gortons would convey $4,800,000.00 to Reymar, Sharman Marcus and Stephen Marcus in exchange for the Property.

51. The Gortons justifiably relied to their detriment upon the misrepresentations made by Sharman Marcus and Stephen Marcus.

52. The Gortons have been damaged as a proximate result of Sharman Marcus' and Stephen Marcus' misrepresentations.

53. Therefore, the Gortons have been damaged, and are entitled to recover from Sharman Marcus and the Estate of Stephen Marcus an amount to be determined at trial, but in no event less than $4.8 million.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Unjust Enrichment - Against Sharman Marcus and Sharman Marcus as Executor of the Estate of Stephen Marcus)

54. Third-Party Plaintiffs, the Gortons, repeat and reallege each of the allegations contained in paragraphs 1 through 53 above as if set forth in full herein.

55. Sharman Marcus and Stephen Marcus have been enriched by their acceptance of $4.8 million from the Gortons, as they were not authorized by Reymar to accept the Gortons monies in exchange for the Property.

56. The circumstances are such that good conscience and equity require Sharman Marcus and Stephen Marcus to compensate the rightful owners of the Property from the sale proceeds.

57. Therefore, the Gortons have been damaged, and are entitled, to have the funds used to purchase the Property, equitably distributed among the rightful shareholders of Reymar, so as to remove any cloud of title that may exist on the Property.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Breach of Contract- Against Sharman Marcus and Sharman Marcus as Executor of the Estate of Stephen Marcus)

58. Third-Party Plaintiffs, the Gortons, repeat and reallege each of the allegations contained in paragraphs 1 through 57 above as if set forth in full herein.

59. On or about May 13, 2005, Stephen Marcus executed the Contract, on behalf of Reymar, by which Stephen Marcus agreed, *inter alia*, that

> Seller has the full power and authority to execute and deliver this Agreement [the Contract] and all documents now or hereafter to be executed and delivered by it . . . .

60. Upon information and belief, neither Stephen Marcus or Reymar had the "full power and authority" to enter into the Agreement or "full power and authority" to execute the necessary documents pursuant to the Agreement, including but not limited to the deed conveying the Property from Reymar to the Gortons.

61. Accordingly, Stephen Marcus breached the Contract.

62. As such, the Gortons have been damaged as a direct result of Stephen Marcus' breach of the Contract, and are entitled to receive from the Estate of Stephen Marcus an amount to be determined at trial, but in no event less than $4.8 million.

**WHEREFORE**, Third-Party Plaintiffs, the Gortons, demand judgment as follows:

(a) as to their First Cause of Action for indemnification, awarding the Gortons all losses and costs, including but not limited to their attorneys' fees and disbursements, that they may suffer as a result of the Complaint filed by Richard Marcus and Rachel Hirsch;

(b) as to their Second Cause of Action, all losses and costs suffered as the result of Sharman Marcus' and Stephen Marcus' fraudulent actions, including but not limited

to compensatory damages and attorneys' fees in an amount to be determined at trial, but no less than $4.8 million;

    (c)  as to their Third Cause of Action, all losses and costs suffered as the result of Sharman Marcus' and Stephen Marcus' conversion of the Gortons' funds, including but not limited to compensatory damages and attorneys' fees in an amount to be determined at trial, but no less than $4.8 million;

    (d)  as to their Fourth Cause of Action, all losses and costs suffered as the result of Sharman Marcus' and Stephen Marcus' negligent misrepresentations, including compensatory damages and attorneys' fees in an amount to be determined at trial, but no less than $4.8 million;

    (e)  as to their Fifth Cause of Action, all losses and costs suffered as the result of Sharman Marcus' and Stephen Marcus' unjust enrichment, including compensatory damages and attorneys' fees in an amount to be determined at trial, but no less than $4.8 million;

    (f)  as to their Sixth Cause of Action, all losses and costs suffered as the result of Stephen Marcus' breach of contract, including compensatory damages and attorneys' fees in an amount to be determined at trial, but no less than $4.8 million; and

    (g)  award Third-Party Plaintiffs such other relief as the Court deems proper.

Dated: New York, New York
May 4, 2010

                        HERRICK, FEINSTEIN LLP

                By: _____
                          Arthur G. Jakoby
                          Avery S. Mehlman
                *Attorneys for Third-Party Plaintiffs Mark and Jody Gorton*
                2 Park Avenue
                New York, NY  10016
                (212) 592-1400

## VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

MARK GORTON, being duly sworn, deposes and says:

I am a third-party plaintiff in this action.

I have read the foregoing complaint and know the contents thereof and believe the same to be true to the best of my knowledge.

_____
Mark Gorton

Affirmed to before me this
17th day of May, 2010

_____
Notary Public

GARRETT S. HO
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HO6153977
Qualified in New York County
My Commission Expires October 23, 2010

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

JODY GORTON, being duly sworn, deposes and says:

I am a third-party plaintiff in this action.

I have read the foregoing complaint and know the contents thereof and believe the same to be true to the best of my knowledge.

_____
Jody Gorton

Affirmed to before me this
17th day of May, 2010

_____
Notary Public

GARRETT S. HO
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HO6153977
Qualified in New York County
My Commission Expires October 23, 2010